UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>KYO-YA HOTELS & RESORTS, LP,<br><br>        Defendant. | Case No. 21-cv-00011-DMR<br><br>**ORDER ADMINISTRATIVELY CLOSING CASE**<br><br>Re: Dkt. Nos. 21, 22 |

        Plaintiff Brian Whitaker alleges that Defendant Kyo-Ya Hotels & Resorts, LP violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Defendant filed a motion to dismiss, which is pending. [Docket No. 16.] At issue in this case is the scope of the regulations implementing the ADA, specifically with respect to reservations systems for lodging facilities. See 28 C.F.R. § 36.302(e)(1)(i), 28 C.F.R. § 36.302(e)(1)(ii). Those regulations are collectively referred to as the "Reservations Rule." The Ninth Circuit has yet to interpret the Reservations Rule, but appeals are currently pending in at least two cases. *See Love v. Marriott Hotel Srvcs., Inc.*, No. 20-cv-07137-TSH, 2021 WL 810252 (N.D. Cal. Mar. 3, 2021), *appeal docketed*, No. 21- 15458 (9th Cir. Mar. 15, 2021); *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752 PA (GJSx), 2021 WL 936176 (C.D. Cal. Feb. 25, 2021), *appeal docketed*, No 21-55227 (9th Cir. Mar. 10, 2021). As the cases on appeal squarely concern the issues raised in Plaintiff's complaint, on September 3, 2021, the court issued an Order to Show Cause why this action should not be stayed pending a Ninth Circuit ruling in one or more of the foregoing cases. [Docket No. 20.]

        Plaintiff does not oppose a stay of the case pending the outcome of the Ninth Circuit appeals. [Docket No. 22.] Defendant opposes a stay. [Docket No. 21.] It argues that the string of defeats already suffered by Plaintiff in similar cases shows that he is not likely to prevail, and a

loss in this case may deter Plaintiff and his firm from filing similarly weak cases. Defendant also asserts that issuance of a stay will cause it to suffer substantial injury because an open case will be a cloud on its business and must be reported as a contingent liability. Pausing the litigation in order to receive appropriate guidance from the Ninth Circuit is warranted. The pending appeals address the exact issue presented here, and a decision by the Ninth Circuit will "likely … provide substantial guidance, if not new law, that will materially impact the Court's decision in the instant case." *Gustavson v. Mars, Inc.*, No. 13-cv-4537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). Putting the case on hold will also serve judicial economy by conserving party and court resources. It will not prejudice Defendant in any meaningful way, especially because for docketing reasons, the court will administratively close this case rather than impose a stay. Any party may reopen this case by filing a notice within 14 days after the Ninth Circuit issues its first mandate in *Love* and/or *Garcia*, or any other currently pending Ninth Circuit appeal interpreting the Reservations Rule.

**IT IS SO ORDERED.**

Dated: October 19, 2021

_____
Donna M. Ryu
United States Magistrate Judge